PHILIP D. DAPEER (State Bar No. 53378)
PHILIP D. DAPEER
A Law Corporation
2625 Townsgate Road, Suite 330
Westlake Village, California 91361-5749
Telephone: (323) 954-9144
Facsimile: (323) 954-0457

Reorganization counsel to Debtor-In-Possession
PHILIS GROOMES-LOVE

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PHILIS GROOMES-LOVE,<br><br>    Debtor-In-Possession. | Case No.: 2:10-bk-40803-BB<br><br>[Chapter 11]<br><br>**DEBTOR'S BRIEF IN SUPPORT OF CONFIRMATION OF DEBTOR'S FOURTH AMENDED PLAN**<br><br>Date: July 19, 2012<br>Time: 10:00 a.m.<br>Ctrm: 1475 |

1

Debtor-In-Possession Philis Groomes-Love, the Proponent of the pending Plan, hereby submits her brief in support of confirmation of the Debtor's Fourth Amended Chapter 11 Plan of Reorganization:

## I. PRELIMINARY STATEMENT

In the Fourth Amended Plan before the court for confirmation, the Debtor, Philis Groomes-Love, as the Plan Proponent, proposes to pay claims of her creditors in compliance with the relevant provisions of the Bankruptcy Code.

The status of confirmation proceedings in this case and the position of secured and unsecured creditors is set out in detail in the accompanying declaration of Debtor's reorganization counsel, Philip D. Dapeer, filed in support of Plan confirmation. In addition, this confirmation brief is accompanied by a declaration of the Debtor, Philis Groomes-Love.

## II. CONFIRMATION STANDARD

To confirm this Plan, the Debtor must affirmatively establish that it has met all of the criteria set forth in 11 U.S.C. § 1129(a) and (b). The purpose of this brief and the supporting evidence filed concurrently herewith is to establish that the Debtor has in fact successfully met all of the necessary statutory criteria and that as a result the Plan must be confirmed. The bankruptcy court must hold an evidentiary hearing in ruling on a Chapter 11 Plan and confirmation. However, this does not preclude the court from considering evidence presented by the parties at prior evidentiary hearing. The court may take judicial notice of evidence presented during the administration of the estate. *Acequia, Inc. v. Clinton*, 787 Fed.2d 1352, 1359 (9th Cir. 1986). To approve a reorganization Plan, the court must find that the proposed Plan is "fair and equitable," meaning that the payment priorities of the Code are

1  met. *United States of America v. Technical Knockout Graphics, Inc.*, 83 Fed.2d 797, 803 (9th
2  Cir. 1987).

4      In this case, the court may take judicial notice of its orders on the motions of the
5  Debtor to value the Debtor's real estate assets. The rulings on those motions have been
6  incorporated into the Plan treatment for secured claims. In this case, the court also granted
7  the motion of Debtor for order determining that the restriction on modification of a claim
8  secured by a security interest in real property that is the Debtor's principal residence is not
9  applicable. That motion was granted under 11 U.S.C. section 1123(b)(5) with respect to the
10 Debtor's principal residence described in Class 2(a) of the Plan.

12     The Proponent has received the affirmative vote of the Class 2(a), and 5(a)
13 claimholders. The Debtor proposes to abandon the property described in Class 5(b). Debtor
14 is attempting to secure a consensual treatment with the secured creditors holding the Class
15 5(c), 5(d) and 5(e) claims. The general unsecured class, being Class 6, has voted to reject the
16 Plan. As set forth in the accompanying declaration of Debtor Philis Groomes-Love, the
17 Debtor has proposed consensual treatment to the Class 5(b), 5(c) and 5(d) secured creditors
18 by increasing the proposed interest rate to be paid on their security loans to 5% and an
19 increase in the discount rate to 2% for the Class 5(c) claimant that has elected treatment
20 under Bankruptcy Code section 1111(b).

22     In support of its statutory burden, the Debtor has filed concurrently herewith the
23 following evidence:

25 • **Declaration of Philip D. Dapeer.** In the declaration of Debtor's counsel, Mr.
26 Dapeer, confirms that all creditors and all classes were properly solicited by the
27 Debtor and that one class of claimants entitled to vote to accept or reject the Plan
28 has voted to accept the Plan. Mr. Dapeer's declaration also establishes that the

Proponent has received no objections to confirmation of the Plan from any creditor, party in interest or the United States Trustee.

- **Declaration of Philis Groomes-Love**. The Debtor's declaration filed concurrently herewith addresses the accuracy of the financial information that accompanied the disclosure statement and plan. The Debtor's declaration also establishes that the Debtor has allocated all of her net spendable income after the payment of disclosed post-petition living expenses, for the payment of creditor claims in this case. As a result, the Plan complies with the provisions of 11 U.S.C. section 1129(a)(15) in that the value of the property to be distributed under the Plan is not less than the projected disposable income of the Debtor (as defined in section 1325(b)(2)) to be received during the five year period beginning on the date that the first payment is due under the Plan, or during the period for which the Plan provides payments, whichever is longer. Further, the Debtor proposes to use income sources other than the income that she derives from the operation of her board and care facilities, for the payment of Plan obligations.

III. **THE PLAN COMPLIES WITH ALL OF THE REQUIREMENTS SET FORTH IN 11 U.S.C. SECTION 1129(a) AND (b)**

As the following analysis of the evidence and applicable law establishes, the Plan satisfies all of the requirements set forth in 11 U.S.C. § 1129(a) of the Bankruptcy Code as to all creditors.

(A) **The Plan Satisfies 11 U.S.C. Section 1129(a)(1).**

11 U.S.C. § 1129(a)(1) provides as follows:

"The Plan complies with the applicable provisions of this title."

Acceptance of the Plan was solicited concurrently with the dissemination of the approved Disclosure Statement and Plan to creditors and parties in interest, as authorized by law. This court issued an order approving the Disclosure Statement as containing adequate information prior to the solicitation by Debtor of ballots accepting the Plan. The Debtor will establish compliance with U.S.C. sections 1129(a)(1) – (16). Further, Debtor will ask that the court confirm the Plan under 11 U.S.C. section 1129(b)(1) in the event it should be determined at the confirmation hearing that each class of claims or interest has not accepted the Plan and each class of claims or interests is impaired under the Plan. The Proponent of the Plan contends that the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted the Plan. Therefore, the Plan complies with all of the requirements of 11 U.S.C. section 1123 and all other relevant sections of the Bankruptcy Code.

**(B)     The Plan Satisfies 11 U.S.C. Section 1129(a)(2).**

11 U.S.C. §1129(a)(2) provides as follows:

"The Proponent of the Plan complies with the applicable provisions of this title."

The Proponent of the Plan is the Debtor. Pursuant to 11 U.S.C. §1121 of the Bankruptcy Code, the Debtor is authorized to file a Plan and she is the party that has filed the Plan. Accordingly, the requirement of 11 U.S.C. §1129(a)(2) is satisfied in this case. (*See* Dapeer and Groomes-Love Declarations).

**(C)     The Plan Satisfies 11 U.S.C. Section 1129(a)(3).**

11 U.S.C. §1129(a)(3) provides:

"The Plan has been proposed in good faith and not by any means forbidden by law."

The Plan has been proposed in good faith for the purpose of reorganizing the Debtor's financial affairs. (*See* Groomes-Love Declaration). The Plan was proposed through an

approved Disclosure Statement in accordance with the applicable sections of the Bankruptcy Code and the Bankruptcy Rules. (*See* Dapeer Declaration.) The Debtor, through the evidence adduced in support of confirmation, will establish compliance with 11 U.S.C. §§1129(a)(1) through (a)(16) and 1129(b)(1) and (2). Accordingly, all the requirements of § 1129(a)(3) are satisfied.

**(D)    The Plan Satisfies 11 U.S.C. Section 1129(a)(4).**

11 U.S.C. §1129(a)(4) provides:

"Any payment made or to be made by the Proponent, by the Debtor, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable."

All payments made or to be made by the Debtor for services or for costs and expenses in connection with the case, or in connection with the Plan and incident to the case, are subject to approval by the court as reasonable. (*See* Groomes-Love Declaration.) Thus, the requirements of 11 U.S.C. §1129(a)(4) have been satisfied.

**(E)    The Plan Satisfies 11 U.S.C. Section 1129(a)(5).**

11 U.S.C. §1129(a)(5) provides:

"(A)(i) The Proponent of the Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor, an affiliate of the Debtor participating in a joint Plan with the Debtor, or a successor to the Debtor under the Plan; and

(B) The Proponent of the Plan has disclosed the identity of any insider that will be employed or retained by the reorganized Debtor, and the nature of any compensation for such insider."

This information is found in the Disclosure Statement. The Debtor has disclosed the identities and the proposed compensation that will be paid to all of the parties encompassed within the scope of 11 U.S.C. § 1129(a)(5). The Debtor will be managing her own financial affairs following confirmation because she is an individual Debtor in this case and has always managed her own personal financial affairs. Accordingly, the requirements of 11 U.S.C. §1129(a)(5) are satisfied.

**(F)    11 U.S.C. §1129(a)(6) Is Inapplicable to the Debtor.**

The Debtor is not involved with any governmental regulation regarding rates. 11 U.S.C. § 1129(a)(6) of the Bankruptcy Code is therefore not applicable to the Debtor. (*See* Groomes-Love Declaration).

**(G)    The Plan Satisfies 11 U.S.C. §1129(a)(7).**

11 U.S.C. §1129(a)(7) provides:

"With respect to each impaired class of claims or interests –

(A) Each holder of a claim or interest of such class –

(i) Has accepted the Plan; or

(ii) Will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7 of this title on such date ..."

Each impaired claimant or interest holder in this case will receive or retain an amount that is not less than the amount that such holder or claimant would so receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code. The liquidation analysis in the Disclosure Statement confirms compliance with 11 U.S.C. section 1129(a)(7).

**(H)   The Plan Satisfies 11 U.S.C. Section 1129(a)(8).**

11 U.S.C. §1129(a)(8) provides:

"With respect to each class of claims or interests –

(A) Such class has accepted the Plan; or

(B) Such class is not impaired under the Plan."

Debtor acknowledges that as of this date, not all impaired classes have voted to accept the Plan. Consequently, Debtor will seek to obtain confirmation in accordance with the requirements of 11 U.S.C. section 1129(b) with respect to the non-accepting classes of creditors.

A Plan Proponent may obtain confirmation of its Plan, notwithstanding its failure to meet the requirement in 11 U.S.C. §1129(a)(8), as long as it satisfies the requirements in 11 U.S.C. §1129(b) with respect to the non-accepting classes of creditors. In this case, Debtor-In-Possession may reply upon 11 U.S.C. section 1129(b) for confirmation of the Plan, and in that case, will ask that this court confirm the Plan based upon a finding of compliance with 11 U.S.C. section 1129(b)(1) and (2).

**(I)   The Plan Satisfies 11 U.S.C. Section 1129(a)(9).**

11 U.S.C. §1129(a)(9) provides:

"Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that –

(A) With respect to a claim of a kind specified in § 507(a)(1) or 507(a)(2) of this title, on the Effective Date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim;

(B) With respect to a class of claims of a kind specified in § 507(a)(3), 507(a)(4), 507(a)(5) or 507(a)(6) of this title, each holder of a claim of such class will receive –

    (i) If such class has accepted the Plan, deferred cash payments of a value, as of the Effective Date of the Plan, equal to the allowed amount of such claim; or

    (ii) If such class has not accepted the Plan, cash on the Effective Date of the Plan equal to the allowed amount of such claim; and

  (C) With respect to a claim of a kind specified in § 507(a)(8) of this title, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding five years after the date of order for relief under sections 301, 302 or 303, of a value as of the Effective Date of the Plan, equal to the allowed amount of such claim and in a manner not less favorable than the most favored non-priority unsecured claim provided for by the Plan."

  The Plan fully complies with the requirements in 11 U.S.C. §§1129(a)(9)(A), 1129(a)(9)(B) and 1129(a)(9)(C), in that all allowed administrative claims will be paid in full on the Effective Date of the Plan unless the holder of a particular claim agrees otherwise, and the holder of the claim under section 507(a)(8) will be paid in accordance with 11 U.S.C. section 1129(a)(9)(C). The tax claim is to be paid over time with 18% interest in equal amortizing payments over five years after the petition date.

  **(J) The Plan Satisfies 11 U.S.C. Section 1129(a)(10).**

  11 U.S.C. §1129(a)(10) provides:

  "If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptances by any insider."

  In this case, the holders of Classes 2(a) and 5(a) have affirmatively voted to accept the Plan. Those classes of claimants are impaired under the Plan.

**(K)    The Plan Satisfies 11 U.S.C. Section 1129(a)(11).**

11 U.S.C. §1129(a)(11) provides:

"Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan."

This section of the Bankruptcy Code contains a feasibility standard. More than any other section of the Bankruptcy Code, § 1129(a)(II) conveys Congress' belief that the overall economic good would ultimately be served through the confirmation of Chapter 11 plans, as opposed to the destruction of businesses. Congress states in this subsection that a Plan "shall" be confirmed as long as it is "not likely to be followed by ... further financial reorganization." (Emphasis added.) *In other words, the test is satisfied if the Court finds that the reorganization is not likely to fail.* Congress intentionally made this a very lenient standard, because it wanted Chapter 11 Plans to succeed, as long as a reasonable opportunity for success existed.

The courts have generally followed Congress' directive faithfully, as they are indeed required to do. *See Acequia Inc. v. Clinton*, 787 F. 2d 1352, 1364-65 (9th Cir. 1986), ("The Debtor has presented ample evidence to demonstrate that the Plan has a reasonable probability of success"); *Prudential Ins. Co. of America v. Monnier Bros.*, 755 F. 2d 1336, 1341 (8th Cir. 1985), ("... reasonable prospect of success and is workable."); *Clarkson v. Cooke Sales and Service Co.*, 767 F. 2d 417, 420 (8th Cir. 1985), ("The test is whether the things which are to be done after confirmation can be done as a practical matter..."); *In re Mullberry Phosphates Inc.*, 149 Bankr. 702 (Bankr. M.D. Fla. 1993), ("A Plan meets the section 1129(a)(11) feasibility standard if the court determines that it offers a reasonable prospect of success and is workable."); *In re Drexel Burnham Lambert Group, Inc.*, 138 Bankr. 723, 763 (Bankr. S.D.N.Y. 1992).

The court in *In re Drexel Burnham Lambert Group, Inc.* confirmed Congressional intent regarding § 1129(a)(11):

"The feasibility test set forth in § 1129(a)(II) requires us to determine independently whether the Plan is workable and has a reasonable likelihood of success .... As noted in *Collier* on Bankruptcy, a guarantee of success is not required." The *Drexel* Court went on to make a statement that is uniquely applicable in the instant case:

"The mere prospect of financial uncertainty cannot defeat confirmation on feasibility grounds since a guarantee of the future is not required."

138 B.R. at 762; See also, *In re T-H New Orleans Ltd. Partnership*, 116 F. 3d 790, 801-802 (5th Cir. 1997); *Mullberry, supra*, 142 B.R. at 709. In summary, the case law on the issue of feasibility is clear. If the Court finds that a reasonable prospect for success exists, the test is satisfied and confirmation over an objection on that ground is mandatory.

The declarations of Debtor Philis Groomes-Love, filed as an attachment to the Disclosure Statement and Plan, and her declaration that accompanies this memorandum, as well as each and all of the monthly operating reports filed in this case, demonstrate that the Debtor will have sufficient cash flow to fund all obligations of the Plan. The Debtor filed a post-petition income and expense statement under penalty of perjury that confirms that she will have sufficient cash flow, after the payment of all necessary living expenses, to be able to make payment of the obligations provided for in the Plan. The assumptions are reasonable given the fact that the Debtor has been current in the payment of all of her expenses during the course of this case, and the income and expense statements contained in the monthly operating reports provide a historical picture over the period of time this case has been pending that the Debtor's Plan is feasible and reasonable given the income that the Debtor earns on a monthly basis from the operation of her board and care facilities and the sources

of income that the Debtor has agreed to allocate to the payment of Plan obligations separate and apart from the income that she earns from the operation of her board and care facilities.

**(L)  The Plan Satisfies 11 U.S.C. Section 1129(a)(12).**

11 U.S.C. §1129(a)(12) relates to the payment of the quarterly fees owed to the Office of the United States Trustee. These fees have been fully paid diligently throughout the course of this case. (*See* Groomes-Love Declaration).

**(M)  11 U.S.C. Section 1129(a)(13) Is Inapplicable to the Debtor.**

The Debtor is not involved with any retiree benefit issues. 11 U.S.C. §1129(a)(13) is not applicable to the Debtor. (*See* Groomes-Love Declaration).

**(N)  11 U.S.C. Section 1129(a)(14) Is Inapplicable to the Debtor.**

The Debtor is not required to pay a domestic support obligation. (*See* Groomes-Love Declaration.)

**(O)  The Plan Complies With 11 U.S.C. Section 1129(a)(15).**

In this case, the Debtor's Fourth Amended Plan provides that the value of the property to be distributed under the Plan is not less than the projected disposable income of the Debtor (as defined in section 1325(b)(2)) to be received during the five year period beginning on the date that the first payment is due under the Plan, or during the period for which the Plan provides payments, whichever is longer.

**(P)  In This Case, The Debtor Is Requesting That The Court Confirm The Plan Under 11 U.S.C. Section 1129(b)(1) and (2).**

In this case, the Debtor is requesting that the court confirm the Fourth Amended Plan pursuant to 11 U.S.C. section 1129(b) (1) and (2). The declaration of Philis Groomes-Love filed in support of Plan confirmation makes out a prima facie case that the Plan does not

discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted the Plan.

IV. **CONCLUSION**

In summary, the treatment accorded the claims of creditors under the Plan is fair and equitable, and fully confirmable under sections 1123 and 1129(a) and (b) of the Bankruptcy Code. Accordingly, confirmation of the Plan is appropriate at this time.

DATED: July 5, 2012

PHILIP D. DAPEER
A Law Corporation

_____
PHILIP D. DAPEER

Reorganization counsel to Debtor-In-Possession
PHILIS GROOMES-LOVE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2625 Townsgate Road, Suite 330, Westlake Village, CA 91361-5749.

A true and correct copy of the foregoing document entitled: **DEBTOR'S BRIEF IN SUPPORT OF CONFIRMATION OF DEBTOR'S FOURTH AMENDED PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 5, 2012, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

  Gregory J Babcock    bknotice@mccarthyholthus.com
  Richard J Bauer    rbauer@mileslegal.com
  Deborah Conley    bkmail@prommis.com
  Philip D Dapeer    PhilipDapeer@AOL.com
  Mark Domeyer    mdomeyer@mileslegal.com
  Gerald S Kim    cdcaecf@bdfgroup.com
  Melanie C Scott    Melanie.Scott@usdoj.gov
  Timothy J Silverman    tim@sgsslaw.com
  United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
  Darlene C Vigil    cdcaecf@bdfgroup.com
  Les A Zieve    bankruptcy@zievelaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On July 5, 2012, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

/s/ Philip D. Dapeer
Date: July 5, 2012    Philip D. Dapeer    Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

**In re Philis Groomes-Love**
United States Bankruptcy Court – Central District of California
Case No.: 2:10-bk-40803-BB

SERVICE LIST

| | | |
|---|---|---|
| Adee Plumbing and Heating, Inc.<br>5457 Crenshaw Boulevard<br>Los Angeles, CA 90043-2496 | Los Angeles Division<br>255 Temple Street<br>Los Angeles, CA 90012-3332 | 12000 Broadway HOA<br>c/o Wilshire Pacific Equities<br>PO Box 57063<br>Irvine, CA 92619-7063 |
| American Express<br>PO Box 0001<br>Los Angeles, CA 90078-0001 | ASC<br>PO Box 60768<br>Los Angeles, CA 90060-0768 | Aurora Loan Services<br>2617 College Park<br>PO Box 1706<br>Scottsbluff, NE 69363-1706 |
| Carolyn Jackson<br>44526 Carlin Avenue<br>Lynwood, CA 90262-5416 | CBCS<br>PO Box 163250<br>Columbus, OH 43216-3250 | Citbank<br>PO Box 469100<br>Escondido, CA 92046-9100 |
| Citicorp Credit Services, Inc.<br>Payment Processing Center<br>PO Box 2695<br>Waterloo, IA 50704-2695 | City of Los Angeles Municipal Svs.<br>PO Box 30808<br>Los Angeles, CA 90030-0808 | City of Los Angeles<br>PO Box 53233<br>Los Angeles, CA 90053-0233 |
| Countrywide Home Loans<br>PO Box 10219<br>Van Nuys, CA 91410-0219 | Department of Water & Power<br>PO Box 30808<br>Los Angeles, CA 90030-0808 | DirectTV<br>PO Box 78626<br>Phoenix, AZ 85062-8626 |
| Gill Jarmond<br>1827 12th Avenue<br>Los Angeles, CA 90019-6017 | Home Depot Credit Services<br>PO Box 6028<br>The Lakes, NV 88901-6028 | Home Servicing<br>PO Box 79230<br>City of Industry, CA 91716-9230 |
| James W. Groomes<br>120 East Maple Street<br>Compton, CA 90220-2313 | Janice R. Groomes<br>2924 Magnolia Avenue<br>Lynwood, CA 90262 | Los Angeles County Tax Collector<br>PO Box 54108<br>Los Angeles, CA 90054-0108 |

1

OCWEN
PO Box 5440
Carol Stream, IL 60197-6440

Sears Credit Cards
PO Box 688956
Des Moines, IA 50368-8956

Southern California Edison
PO Box 600
Rosemead, CA 91771-0001

Terminix
PO Box 741592
Cincinnati, OH 45274-2592

The Gas Company
PO Box C
Monterey Park, CA 91756-0001

United States Trustee
725 South Figueroa Street
26th Floor
Los Angeles, CA 90017-5524

Wachovia Mortgage
PO Box 7512
Springfield, OH 45501-7512

Wells Fargo Credit Services
PO Box 30086
Los Angeles, CA 90030-0086

Willie Gaines
4416 Charnela Ct.
Las Vegas, NV 89130-5200

Philis Groomes-Love
3929 Magnolia Avenue
Lynwood, CA 90262

2