1
2
3
4
5

PHILIP D. DAPEER (State Bar No. 53378)
PHILIP D. DAPEER
A Law Corporation
2625 Townsgate Road, Suite 330
Westlake Village, California 91361-5749
Telephone:  (323) 954-9144
Facsimile:   (323) 954-0457

Attorney for Debtor-In-Possession
PHILIS GROOMES-LOVE

6
7
8

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17

| | |
|---|---|
| In re:<br><br>PHILIS GROOMES LOVE,<br><br>          Debtor-In-Possession. | Case No.: 2:10-bk-40803-BB<br><br>[Chapter 11]<br><br>**INDIVIDUAL DEBTOR'S FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>Date:  October 10, 2012<br>Time:  2:00 p.m.<br>Ctrm: 1475<br>Place: 255 East Temple Street, 14th Floor<br>       Los Angeles, CA 90012 |

18
19
20
21
22
23
24
25
26
27
28

     This plan of reorganization (the Plan) under Chapter 11 of the Bankruptcy Code provides for restructuring of the debts of the above-named Debtor.  If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim, accept the Plan, object to confirmation, or have their claims allowed.  All Creditors should refer to Articles I-IV of this Plan for the precise treatment of their claims.  A disclosure statement (the Disclosure Statement) that provides additional information is being served with this Plan.  The Disclosure Statement is explanatory only; the language used in the Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

1

1

**Article I**

2

**Treatment of Unclassified Claims**

3    Under § 1123(a)(1)(i) administrative expense claims allowed under § 503(b) and entitled to

4    priority under § 507(a)(2) (including the claims of professionals, United States Trustee fees, and

5    post-petition domestic support obligations; (ii) involuntary gap period claims under § 507(a)(3); and

6    (iii) priority tax claims under § 507(a)(8) are not classified and are not entitled to vote on

7    confirmation of the Plan.  These claims shall be treated as follows:

8    A.    <u>Professional Fees</u>. Professional fees may only be paid upon application to and approval by

9    the court.  The Debtor will pay professional fees in full in cash on the later of: (i) the Effective Date,

10   or (ii) upon court order, except to the extent that a holder of such claim agrees to other terms.

11   B.    <u>Other Administrative Claims</u>. The Debtor will pay other claims allowed under § 503(b) and

12   entitled to priority under § 507(a)(2), including domestic support obligations arising post-petition[1]

13   and United States trustee fees, in full on the Effective Date (although expenses arising and paid in

14   the ordinary course of Debtor's financial affairs may be paid as due), except to the extent that a

15   holder of these claims agrees to other terms.[2]

16   C.    <u>Tax Claims</u>. The Debtor will pay claims entitled to priority under § 507(a)(8) in full over time

17   with 18% interest in equal amortized payments in accordance with § 511.  Payments will be made

18   monthly, due on the first day of the month, starting on the first such date after the Effective Date

19   and ending on the last such date that is no more than 5 years after the entry of the order for relief.

20   The tax claim represents the pre-petition secured real property taxes on the Debtor's real estate

21   assets.  The secured real property tax claims represent the claims of the Los Angeles County

22   Treasurer and Tax Collector, being Claim Nos. 13 and 16 filed in this case, for a total of $12,943.45.

23   The Debtor's Chapter 11 petition was filed on July 26, 2010.  Consequently, the 5 year term expires

24   on July 26, 2015.  The Los Angeles County Treasurer and Tax Collector will retain its secured lien

25   for unpaid pre-petition real property taxes in the amount of the claims filed in this case and will

26

27

28

[1]  Section 1129(a)(14) requires payment of all domestic support obligations arising post-petition.
[2]  Section 1129(a)(9)(A) requires payment in full of administrative expenses on the Effective Date.

2

1  retain of its statutory rights with respect to the enforcement of such tax claims.  The payments to be

2  made by Debtor with respect to the discharge of that tax liability evidenced by Claim Nos. 13 and 16

3  will be fully amortized over a period of time commencing the first day of the month following the

4  Effective Date and ending July 26, 2015.  Debtor estimates the monthly payments, including

5  interest, will be $488.77.  The monthly payments will be adjusted, as needed, depending upon the

6  Effective Date of the Plan.  The Debtor will pay on a current basis all secured real property taxes on

7  her real estate assets post-petition, except where real property taxes are impounded as part of the

8  payments that the Debtor makes to secured creditors with respect to their underlying contract

9  documents.

10  D.      Involuntary Gap Period Claims pursuant to § 507(a)(3). The Debtor will pay claims allowed

11  under § 502(f) in full on, or as soon as practicable after, the Effective Date except to the extent a

12  holder of such claim agrees to other terms.[3]

13  **Article II**

14  **Classification and Treatment of Claims**

15  **Classes 1(a)-(e):  Priority Claims**

16  These impaired classes include allowed unsecured claims entitled to priority under § 507

17  (except administrative claims under § 507(a)(2), involuntary gap period claims under § 507(a)(3)

18  and priority tax claims under § 507(a)(8), which are unclassified and treated in Article I).  For

19  instructions on voting, see Part 2 of the Disclosure Statement.  If any Class does not vote to accept

20  the Plan, then each claim in the non-accepting class will be paid in full on the Effective Date (except

21  to the extent a holder of a claim in the class agrees to other terms).  Creditors in Class 1 are treated

22  as follows (*Check each box that applies*):

24  ☒      Debtor has no creditors in Class 1.

28  [3]  This treatment is required by § 1129(a)(9)(A).

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of
California, F 2081-1.PLAN (June 2011)

**Class 2: Secured claims on Debtor's principal residence**

      A.    <u>Unimpaired secured claims on Debtor's principal residence</u>. There are none.

      B.    <u>Impaired secured claims on Debtor's principal residence.</u>

**Class 2(a):**

Secured claim of:  Aurora Loan

Property Address or description of collateral:  3924-3926 Magnolia Ave., Los Angeles, CA 90262.

Priority of lien:  First

Amount of arrearages: none per stipulation with secured creditor

Total amount of allowed claim as of:  January 18, 2012, is $367,500.00.

☒ Monthly ☐ quarterly Cure Payment amount:  Not applicable per stipulation

☒ Monthly ☐ quarterly Regular Payment amount:  $1,972.82 comprised of principal and interest

as per order filed January 18, 2012.

Total ☒ monthly ☐ quarterly payments:  $1,972.82

Total amount of payments (over time) to satisfy the secured claim:  $710,215.20

Interest rate (to compensate creditor because claim is paid over time):  5.0%

First payment date:  Effective Date.

Amount of each installment: $1,972.82

Frequency of payments: Monthly

Total yearly payments: $23,673.84

Final payment date:  the first day of the month of the 360th month after the Effective Date.

Monthly payments will be due on the first day of the month.

The additional terms of the stipulation and order entered January 18, 2012, with respect to this

claim are incorporated herein by this reference.  A copy of the order approving stipulation to resolve

Debtor's motion for order valuing the Debtor's principal residence and provide consensual Plan

treatment of secured claim is attached by way of exhibit hereto.

**Class 3:  <u>Unimpaired secured claims on property other than the Debtor's principal residence</u>**

    There are no such claims.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of
California, F 2081-1.PLAN (June 2011)

**Class 4:  <u>Unimpaired Secured Claims on Collateral to be Surrendered by Debtor</u>**

There are no such claims.

**Class 5:  <u>Impaired Secured Claims</u>**

The following classes include claims secured by a lien on property other than the Debtor's principal residence in which Debtor has an interest, other than the secured claims in Class 2 and the unimpaired secured claims in Classes 3 and 4.

The secured portion of the following impaired class(es) shall be paid as set forth below.  The arrearages in the sum of $203,809.70 shall be paid over 5 years with 4.5% interest only if provided below for a particular class of secured creditor.  To cure the arrearages, the payments shall be made in ☒ monthly ☐ quarterly amortized installments, beginning on the first day of each calendar ☒ month ☐ quarter, after the Effective Date (Cure Payments).  Ongoing payments shall be made ☐ as they come due based on their respective governing loan documents (Regular Payments), or ☒ modified payments as described below.  The amount of the claim, if any, in excess of the secured claim is an unsecured claim in Class 6.  However, if the holder of a secured claim makes a timely and valid § 1111(b) election, the claim shall be treated as a secured claim notwithstanding § 506(a).

The following chart lists Class 5 claims and their proposed treatment under the Plan.

**Class 5(a):**

Secured claim of:  Wachovia Mortgage (Wells Fargo Home Mortgage, a Division of Wells Fargo Bank N.A.)

Property Address or description of collateral:  3229 Shoreline Ave., Las Vegas, NV 89117.

Priority of lien:  First

Amount of arrearages:  $45,184.03

Total amount of allowed claim as of:  $195,000.00 based upon section 506 bifurcation.

☒ Monthly ☐ quarterly Cure Payment amount: $753.07 for five years

☒ Monthly ☐ quarterly Regular Payment amount:  $1,198.91 (which includes principal and interest

5

1    in addition to $152.11 escrow impound for county property taxes and hazard insurance.  Payment

2    including impound for escrows and other charges are subject to change according to assessment of

3    the property and pursuant to the underlying note).

4    Total ☒ monthly ☐ quarterly payments:  $1,951.98 for five years then $1,198.91

5    Total amount of payments (over time) to satisfy the secured claim:  $476,791.80

6    Interest rate (to compensate creditor because claim is paid over time):  5.0%

7    First payment date:  Effective Date.

8    Amount of each installment:  $1,951.98 for five years then $1,198.91

9    Frequency of payments:  Monthly

10    Total yearly payments:  $23,423.76 for five years then $14,386.92

11    Final payment date:  30 years following the Effective Date

12    Additional Terms:  Creditor shall have an unsecured claim in the amount of $83,972.94

13    representing the difference between $195,000 and the unpaid balance of the underlying promissory

14    note and deed of trust.  Creditor shall receive, in full and final satisfaction of its unsecured claim, its

15    pro rata share of the dividend paid to general unsecured creditors in accordance with this Plan.

16        In the event of any future default, creditor shall provide written notice by certified mail, return

17    receipt requested, to Debtor and Debtor's attorney of record in this Chapter 11 case.  If Debtor fails

18    to cure the default after the passage of 30 calendar days from the date said written notice is placed

19    in the mail as reflected on a certified mail receipt, then the creditor shall be entitled to file and serve

20    a declaration under penalty of perjury setting forth in detail the Debtor's failure to perform, together

21    with a proposed order terminating the stay, which the bankruptcy court in this case may enter

22    without further notice or hearing.  The acceptance by creditor of a late or partial payment shall not

23    act as a waiver of creditor's right to proceed by motion hereunder for entry of an order of default.  In

24    the event that creditor is granted relief from the automatic stay, the 14 day stay provided by

25    Bankruptcy Rule 4001(a)(3) is waived.  In the event that Debtor defaults hereunder and creditor

26    sends Debtor by certified mail a 30-day notice of default, Debtor shall also pay $100 to creditor for

27    each default letter submitted in order to cure the default.

28        At the request of creditor, Debtor shall execute such documents and instruments as may be

6

1  reasonably necessary to reflect the Debtor as borrower of the secured claim and to modify the

2  terms of the obligation to conform with the provisions of this Class 5(a) of the Debtor's Plan.

3       In the event the Debtor's case is dismissed or converted to any other chapter under Title 11

4  of the United States Bankruptcy Code, creditor shall retain its lien in the full amount due under the

5  note, all terms pertaining to creditor's claim shall revert to the original terms of the note and deed of

6  trust and the automatic stay shall be terminated without further notice, order or proceeding of the

7  court.

8       In the event the Debtor sells the collateral security prior to confirming this Chapter 11 Plan,

9  creditor shall be entitled to proceeds from the sale in an amount not less than the outstanding

10  balance owing under the terms of the subject note.  If the proposed sale of the property is at a sale

11  price less than the outstanding balance owing under the note, then the creditor's written consent to

12  the sale must be obtained.  If the Debtor sells the property within 5 years of the entry of the order

13  confirming the Debtor's Plan, Debtor will pay secured creditor an additional sum of 8% of the sale

14  price over $195,000.

15  Monthly payments will be due on the first day of the month.

16  **Class 5(b):**

17  Secured claim of:  Bank of America

18  Property Address or description of collateral:  12010 South Broadway, Los Angeles, CA 90061.

19  Priority of lien:  First

20  Total amount of allowed claim as of:  $557,555.59 as of September 30, 2011.

21  Total amount of payments (over time) to satisfy the secured claim:  $557,555.59

22  Interest rate (to compensate creditor because claim is paid over time):  0%

23  First payment date:  Effective Date

24  Amount of each installment:  $1,548.77

25  Frequency of payments:  Monthly

26  Total yearly payments:  $18,585.24

27  Final payment date:  30 years following the Effective Date

28  Monthly payments will be due on the first day of the month.  Debtor and the holder of the Class 5(b)

7

claim have agreed and stipulated that the discount rate pursuant to the election under Bankruptcy Code section 1111(b) is 0%

**Class 5(c):**

Secured claim of:  Ocwen

Property Address or description of collateral:  213 W. 108th Street, Los Angeles, CA 90061.

Priority of lien:  First

Amount of arrearages:  $62,786.49

Total amount of allowed claim as of:  $535,737.53 as of September 30, 2011.

☒ Monthly ☐ quarterly Cure Payment amount: $1050.00 for five years

☒ Monthly ☐ quarterly Regular Payment amount:  $1,723.14

Total ☒ monthly ☐ quarterly payments: $2,773.14 for five years then $1,723.14

Total amount of payments (over time) to satisfy the secured claim:  $683,116.89

Interest rate (to compensate creditor because claim is paid over time): 1%

First payment date:  Effective Date.

Amount of each installment:  $2,773.14 for five years then $1,723.14

Frequency of payments:  Monthly

Total yearly payments:  $33,277.68 for five years then $20,677.68

Final payment date:  30 years following the Effective Date

Monthly payments will be due on the first day of the month.  The holder of this claim has elected to be treated under Bankruptcy Code section 1111(b).

**Class 5(d):**

Secured claim of:  Ocwen

Property Address or description of collateral:  235 W. 107th Street, Los Angeles, CA 90003.

Priority of lien:  First

Total amount of allowed claim as of:  $230,000.00 as of September 30, 2011.

Total amount of payments (over time) to satisfy the secured claim:  $485,821.25

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California. F 2081-1.PLAN (June 2011)

1    Interest rate (to compensate creditor because claim is paid over time): 5.0%

2    First payment date: Effective Date

3    Amount of each installment: $1,234.69

4    Frequency of payments: Monthly

5    Total yearly payments: $14,816.28

6    Final payment date: 30 years following the Effective Date

7    Monthly payments will be due on the first day of the month.

8    Amount of arrearages is $41,332.85 to be paid over five years in monthly payments of $688.88

9    Total monthly payment is $1,234.69 plus arrearage payment

10

11    **Class 5(e):**

12    Secured claim of: ASC

13    Property Address or description of collateral: 249 W. 118th Street, Los Angeles, CA 90061.

14    Priority of lien: First

15    Amount of arrearages: $54,506.33

16    Total amount of allowed claim as of: $230,000.00 as of September 30, 2011.

17    ☒ Monthly ☐ quarterly Cure Payment amount: $908.44

18    ☒ Monthly ☐ quarterly Regular Payment amount: $1,234.69

19    Total ☒ monthly ☐ quarterly payments: $2,143.13 for five years then $1,234.69

20    Total amount of payments (over time) to satisfy the secured claim: $498,994.73

21    Interest rate (to compensate creditor because claim is paid over time): 5.0%

22    First payment date: Effective Date.

23    Amount of each installment: $2,143.13 for five years then $1,234.69

24    Frequency of payments: Monthly

25    Total yearly payments: $25,717.56 for five years then $14,816.28

26    Final payment date: 30 years following the Effective Date

27    Monthly payments will be due on the first day of the month.

28        In this case, the Debtor brought on for hearing motions to value the collateral security and

9

1    the Debtor's motions were granted.  With respect to the bifurcated claims where creditors have not

2    made an election under Bankruptcy Code section 1111(b), the total amount of the Allowed Claim is

3    equal to the value of the collateral as determined by the court on the Debtor's motions to value the

4    collateral security.

5        To the extent that certain creditors' claims are entitled to various amounts due because

6    defaults are not cured or paid in full on or before the Effective Date, those classes of creditors are

7    impaired and entitled to vote on the Plan.  See Part 2 of the Disclosure Statement for instructions

8    on voting.

9

10   **Class 6:  General Unsecured Claims**

11       ☒    Class 6(a):  Smaller Unsecured Claims.  This class includes any allowed unsecured

12   claim of $500 or less and any allowed unsecured claim larger than $500 but whose holder agrees to

13   reduce its claim to $500.  Each member of this class shall receive on the Effective Date, or as soon

14   as practicable thereafter, a single payment equal to 100% of the allowed claim.  This class is

15   unimpaired and not entitled to vote on the Plan.

16       ☒    Class 6(b):  Other General Unsecured Creditors.  This class includes all allowed

17   unsecured claims not in Class 6(a) and not entitled to priority.  Each member of Class 6(b) shall be

18   paid 3.8% of its claim over 5 years in equal ☒ monthly ☐ quarterly installments, due on the first

19   day of each calendar ☒ month ☒ quarter, ☐ with interest at the rate of __% annum ☒ without

20   interest starting on the first such date after the Effective Date.  Based upon the allowed amount of

21   the unsecured debt in this case, which Debtor estimates to be $781,867.01, Debtor estimates that

22   the monthly dividend to be distributed pro rata to general unsecured creditors is $495.18.

23       This class is impaired and entitled to vote on confirmation of the Plan.  For instructions on

24   voting, see Part 2 of the Disclosure Statement.

25       Undisputed Class 6 claims, as of this date, are listed on Exhibit C to the Disclosure

26   Statement.

27                        **Article III**

28               **Allowance and Disallowance of Claims**

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of
California, F 2081-1.PLAN (June 2011)

A.    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed and as to which either:  (i) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

B.    Delayed Distribution on Disputed Claims.  No distribution will be made on account of that portion of a claim that is disputed unless it is allowed by final non-appealable order.

C.    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with FRBP 9019 unless the amount allowed by the compromise does not exceed $5,000, in which case no court approval is necessary.

## Article IV

## Executory Contracts and Unexpired Leases

A.    Executory Contracts and Leases Assumed.  The Debtor assumes the executory contracts and unexpired leases enumerated in Exhibit E to the Disclosure Statement, effective upon the Effective Date, and shall perform all obligations thereunder, both pre-confirmation and post-confirmation.  Any pre-confirmation arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance.  Post-confirmation obligations will be paid as they come due.

B.    Executory Contracts and Leases Rejected.  The Debtor is conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in Exhibit E to the Disclosure Statement as of the Effective Date. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.  Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 6, except to the extent this court orders otherwise.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California, F 2081-1.PLAN (June 2011)

1
2                                           **Article V**
3                              **Means of Implementation**
4          The Plan will be funded through (Check each box that applies):
5          a.      ☒       $24,910.00 of cash available on the date of the Plan confirmation hearing;
6          b.      ☐       A sale of the following property (describe):
7                          Describe in the Plan which the Debtor estimates will produce $_____.
8          c.      ☒       Additional cash from projected disposable income (projected to be as set
9    forth in the Financial Statements and projections attached as part of Exhibit "A") for the 30 years(s)[4]
10   following confirmation); and/or
11         d.      ☒       Other sources of funding, as follows:  Debtor's social security and pension
12   income.
13         Please see Part 3 of the Disclosure Statement for further details on these projections.
14
15                                          **Article VI**
16                      **Discharge and Other Effects of Confirmation**
17         A.      Discharge.  Upon completion of all payments under the Plan, the Debtor shall
18   receive a discharge of all pre-confirmation debts, whether or not the creditor files a proof of claim, or
19   accepts the Plan, unless the court orders otherwise. Such discharge will not discharge Debtor from
20   any debts that are non-dischargeable under § 523 or the obligations created by this Plan.
21         B.      Vesting of Property.  On the Effective Date, all property of the estate will vest in the
22   reorganized debtor pursuant to § 1141(b), free and clear of all claims and interests except as
23   provided in the Plan.
24         C.      Plan Creates New Obligations.  Except as otherwise stated in the Plan, the
25   payments promised in the Plan constitute new contractual obligations that replace those obligations
26   
27   [4]  This number should match the number of years selected for payments made to creditors under the
28   Plan and the number of years of projected disposable income calculated in Part 3.C. of the
     Disclosure Statement.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of
California, F 2081-1.PLAN (June 2011)

1  to creditors that existed prior to the Effective Date.

2      D.    <u>Creditor Action Restrained</u>.  Creditors may not take any action to enforce either pre-

3  confirmation obligations or obligations due under the Plan, so long as the Debtor is not in material

4  default under the Plan.  If the Debtor is in material default under the Plan, affected creditors may:

5  (i) take any action permitted under non-bankruptcy law to enforce the terms of the Plan; or (ii) move

6  to dismiss this case or to convert this case to a Chapter 7 bankruptcy case.

7      E.    <u>Material Default Defined</u>.  If Debtor fails to make any payment required under the

8  Plan, or to perform any other obligation required under the Plan for more than 14 days after the time

9  specified in the Plan, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a

10  written notice of default.  The Debtor is in material default under the Plan if the Debtor fails within 21

11  days of the service of such notice of default, plus 3 additional days if served by mail, either: (i) to

12  cure the default or (ii) to obtain from the court an extension of time to cure the default or a

13  determination that no default occurred.

14      F.    <u>Retention of Jurisdiction</u>.  This court retains jurisdiction until all Plan payments have

15  been made.

16

17  **Article VII**

18  **General Provisions**

19      A.    <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set

20  forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the

21  Bankruptcy Code are used in the Plan.

22      B.    <u>Effective Date of Plan</u>.  The Effective Date of the Plan is 14 days following the date

23  of the entry of the order confirming the Plan. But, if a stay of the confirmation order is in effect on

24  that date, the Effective Date will be the first business day after the date on which no stay of the

25  confirmation order is in effect, provided that the confirmation order has not been vacated.

26      C.    <u>Cramdown</u>.  Debtor reserves the right to seek confirmation of the Plan

27  notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to § 1129(b).

28      D.    <u>Binding Effect</u>.  The rights and obligations of any entity named or referred to in this

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of
California. F 2081-1.PLAN (June 2011)

1  Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

2        E.    Captions.  The headings contained in this Plan are for convenience of reference only

3  and do not affect the meaning or interpretation of the Plan.

4        F.    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law

5  (including the Bankruptcy Code or FRBP), the laws of the State of California govern the Plan and

6  any agreements, documents, and instruments executed in connection with the Plan, except as

7  otherwise provided in this Plan.

8        G.    Final Decree.  Pursuant to FRBP 3022, a Final Decree may not be entered until a

9  bankruptcy case is fully administered.   The court may, however, allow a Final Decree to be entered

10  at an earlier date if requested in Miscellaneous Provisions (below), or for cause shown.

11        H.    Miscellaneous Provisions:

12       The under-secured creditors holding bifurcated, underwater liens on the Debtor's real estate

13  assets, shall retain their liens until the Class 6(b) claims have been paid in full under the Plan and

14  the Debtor has received a discharge, at which time the liens shall be deemed stripped from the

15  respective properties subject to the under secured liens, and the properties shall be deemed free

16  and clear of all such former liens on the properties. In this case, the court has already made orders

17  granting the debtor's motion to value the real estate assets and stripping the unsecured portion of

18  the liens, which orders were entered March 7 and April 13, 2011.  In view of the elections under

19  Bankruptcy Code section 1111(b) by the holders of the Class 5(b) and 5(c) claims, their claims are

20  treated under this Plan as fully secured and they will not have a general unsecured claim.

21        I.    ☒    Addendum.

22          A.    The Debtor is not required by a judicial or administrative order, or by statute,

23  to pay a domestic support obligation.

24          B.    The value, as of the Effective Date of the Plan, of the property to be

25  distributed under the Plan on account of an allowed unsecured claim is not less than the amount of

26  such claim or the value of the property to be distributed under the Plan is not less than the projected

27  disposable income of the Debtor to be received during the five year period beginning on the date

28  that the first payment is due under the Plan, or during the period for which the Plan provides

14

1          C.      With respect to each of the properties that are the subject of this Plan, the

2 Debtor shall keep each property insured as required by the underlying contract documents and will

3 provide secured creditors with proof of insurance upon written request. Further, the Debtor shall

4 keep current all real property taxes that become payable with respect to each of the properties.

5

6 DATED: September 24, 2012

7                                Philis Groomes-Love

8

9 DATED: September ___, 2012         PHILIP D. DAPEER
                                 A Law Corporation

10

11                                PHILIP D. DAPEER

12                                Attorney for Debtor-In-Possession
                               Philis Groomes-Love

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of

1  payments, whichever is longer.

2           C.      With respect to each of the properties that are the subject of this Plan, the

3  Debtor shall keep each property insured as required by the underlying contract documents and will

4  provide secured creditors with proof of insurance upon written request.  Further, the Debtor shall

5  keep current all real property taxes that become payable with respect to each of the properties.

6

7  DATED:  September __, 2012

8                                          _____
                                           Philis Groomes-Love

9

10  DATED:  September 24, 2012              PHILIP D. DAPEER
                                           A Law Corporation
11
                                           _____
12                                         PHILIP D. DAPEER

13                                         Attorney for Debtor-In-Possession
                                           Philis Groomes-Love
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of
California. F 2081-1.PLAN (June 2011)

1  Ja Vonne M. Phillips, Esq. SBN 187474
2  Gregory J. Babcock, Esq. SBN 260437
   **McCarthy & Holthus, LLP**
3  1770 Fourth Avenue
   San Diego, CA 92101
4  Phone (877) 369-6122
5  Fax (619) 685-4810

6  Attorney for: Aurora Loan Services LLC, its assignees and/or successors, and the
7  servicing agent Aurora Bank FSB

FILED & ENTERED

JAN 18 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY milano    DEPUTY CLERK

CHANGES MADE BY COURT

8

9

10                      UNITED STATES BANKRUPTCY COURT

11                      CENTRAL DISTRICT OF CALIFORNIA

12                           LOS ANGELES DIVISION

13
    In re:                                   ) Case No.  2:10-bk-40803-BB
14                                           )
    Philis Groomes-Love,                     ) Chapter 11
15                                           )
16            Debtor.                        )
                                             ) **ORDER APPROVING STIPULATION TO**
17                                           ) **RESOLVE DEBTOR'S MOTION FOR**
                                             ) **ORDER VALUING THE DEBTOR'S**
18                                           ) **PRINCIPAL RESIDENCE (Docket 133)**
                                             ) **and PROVIDE CONSENSUAL PLAN**
19                                           ) **TREATMENT OF SECURED CLAIM**
                                             )
20                                           )
                                             ) Hearing Date:  1/19/2012
21                                           ) Hearing Time: 02:00 PM
                                             ) Courtroom:    1475
22                                           ) Place:        255 E. Temple Street
                                             )               Los Angeles, CA 90012
23                                           )
24                                           )
                                             )
25                                           )
                                             )
26                                           )
                                             )
27    ──────────────────────────────────    )

28

29                                      1              File No. CA-10-33511
                                                Order on Stipulation, Case No.  2:10-bk-40803-BB

1  The Court having reviewed the **STIPULATION TO RESOLVE DEBTOR'S**

2  **MOTION FOR ORDER VALUING THE DEBTOR'S PRINCIPAL RESIDENCE (Docket**

3  **133) and PROVIDE CONSENSUAL PLAN TREATMENT OF SECURED CLAIM** by and

4  between Aurora Loan Services LLC, its assignees and/or successors, and the servicing agent

5  Aurora Bank FSB ("Aurora") by and through its counsel of record, Gregory J. Babcock of

6  McCarthy & Holthus, LLP, on the one hand, and debtor Philis Groomes-Love, ("Debtor") by and

7  through her attorney of record Philip D. Dapeer of Philip Dapeer, a Law Corporation, on the

8  other, filed on **01/17/2012** as document #140 (the "Stipulation"), and good cause appearing

therefor,

9      **IT IS HEREBY ORDERED** as follows:

10     1.  The Stipulation is approved.

11     2.  The Court finds that the value of the real property at **3924-3926 Magnolia Avenue,**

12  **Lynwood, CA 90262** ("Property") shall be $376,500.00 for plan purposes.

13     3.  The debtor shall modify its chapter 11 plan of reorganization and any amended

14  version thereof, as well as the accompanying disclosure statement, to provide the following

15

16  treatment for Aurora's secured claim (currently Class 2(c)):

17     Secured Claim of: Aurora Loan Services LLC, its assignees and/or successors, and the

18  servicing agent Aurora Bank FSB ("Aurora")

19     Property Address or description of collateral: 3924-3926 Magnolia Avenue, Lynwood,

20  CA 90262.

21     Priority of Lien: First

22     Amount of Arrearages: $55,475.05 per Proof of Claim 9-1 filed 9/27/2010

23     Total amount of allowed claims as of 1/10/12: $367,500

24

25     Monthly Cure Amount of: N/A

26     Monthly Regular Payment Amount: $1,972.82 (comprised of Principal and Interest)

27     Total Monthly Payments: $1,972.82 (comprised of Principal and Interest)

28     Total Amount of Payments (over time) to satisfy the secured claim: $710,215.20

29                                    2                    File No. CA-10-33511
                                                Order on Stipulation, Case No.  2:10-bk-40803-BB

006046    519040060520l7

Interest rate (to compensate creditor because claim is paid over time): 5.0%

First payment date: Effective Date

Amount of each installment: $1,972.82 (comprised of Principal and Interest)

Frequency of payments: Monthly

Total yearly payments: $23,673.84

Final payment date: the first of the month of the 360 months after the effective date (e.g. Effective Date April 1, 2012, Final Payment Date March 1, 2042).

Monthly payments will be due on the first of the month. Aurora shall place a monthly escrow for taxes and insurance on the Property, for which the Debtor shall remain fully responsible in paying as part of Debtor's monthly payment amount. Notwithstanding anything to the contrary in this Chapter 11 Plan of Reorganization, with exception of the modification of the payment terms as set forth in this Class treatment, the terms, conditions and covenants of the Promissory Note, Deed of Trust and all related security agreements shall not be modified. Aurora shall retain its lien on the Property until paid in full as provided in the Chapter 11 Plan of Reorganization.

4. At the reasonable request of Aurora, the Debtor shall execute such documents and instruments as are reasonably necessary to reflect to the Debtor as the borrower of the secured claim, and to modify the terms of the obligation to conform to the provisions of this Stipulation.

5. The debtor shall not propose a plan of reorganization, an amended plan of reorganization or a confirmation order that modifies, alters or changes the foregoing proposed treatment without the express written consent of Aurora, filed with the Court.

6. The debtor shall not sell the Property prior to confirming a plan of reorganization for an amount less than the amount necessary to enable the debtor to pay all outstanding amounts due Aurora under the terms of the Promissory Note without Aurora's express written consent.

File No. CA-10-33511
Order on Stipulation, Case No. 2:10-bk-40803-BB

51904006052026

006046

7. Provided the debtor complies with the terms of the Stipulation, Aurora agrees to vote in favor of the Debtor's Chapter 11 Plan of Reorganization.

***

DATED: January 18, 2012

_____
United States Bankruptcy Judge

File No. CA-10-33511
Order on Stipulation, Case No.  2:10-bk-40803-BB

4

006046    51904006052026

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2625 Townsgate Road, Suite 330, Westlake Village, CA 91361-5749.

A true and correct copy of the foregoing document described **INDIVIDUAL DEBTOR'S FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 25, 2012, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Gregory J Babcock    bknotice@mccarthyholthus.com
Richard J Bauer    rbauer@mileslegal.com
Deborah Conley    bkmail@prommis.com
Philip D Dapeer    PhilipDapeer@AOL.com
Mark Domeyer    mdomeyer@mileslegal.com
Gerald S Kim    cdcaecf@bdfgroup.com
Melanie C Scott Melanie.Scott@usdoj.gov
Timothy J Silverman    tim@sgsslaw.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Darlene C Vigil    cdcaecf@bdfgroup.com
Les A Zieve    bankruptcy@zievelaw.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On September 25, 2012, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III.   **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

16

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of
California. F 2081-1.PLAN (June 2011)

1    I declare under penalty of perjury under the laws of the United States of America that the foregoing
     is true and correct.

2

3                                                                **/s/ Philip D. Dapeer**
     Date:  September 25, 2012          Philip D. Dapeer          Signature

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of
California, F 2081-1.PLAN (June 2011)

**In re Philis Groomes-Love**

United States Bankruptcy Court – Central District of California

Case No.:  2:10-bk-40803-BB

SERVICE LIST

Adee Plumbing and Heating, Inc.
5457 Crenshaw Boulevard
Los Angeles, CA 90043-2496

Los Angeles Division
255 Temple Street
Los Angeles, CA 90012-3332

12000 Broadway HOA
c/o Wilshire Pacific Equities
PO Box 57063
Irvine, CA 92619-7063

American Express
PO Box 0001
Los Angeles, CA 90078-0001

ASC
PO Box 60768
Los Angeles, CA 90060-0768

Aurora Loan Services
2617 College Park
PO Box 1706
Scottsbluff, NE 69363-1706

Carolyn Jackson
44526 Carlin Avenue
Lynwood, CA 90262-5416

CBCS
PO Box 163250
Columbus, OH 43216-3250

Citbank
PO Box 469100
Escondido, CA 92046-9100

Citicorp Credit Services, Inc.
Payment Processing Center
PO Box 2695
Waterloo, IA 50704-2695

City of Los Angeles Municipal Svs.
PO Box 30808
Los Angeles, CA 90030-0808

City of Los Angeles
PO Box 53233
Los Angeles, CA 90053-0233

Countrywide Home Loans
PO Box 10219
Van Nuys, CA 91410-0219

Department of Water & Power
PO Box 30808
Los Angeles, CA 90030-0808

DirectTV
PO Box 78626
Phoenix, AZ 85062-8626

Gill Jarmond
1827 12th Avenue
Los Angeles, CA 90019-6017

Home Depot Credit Services
PO Box 6028
The Lakes, NV 88901-6028

Home Servicing
PO Box 79230
City of Industry, CA 91716-9230

James W. Groomes
120 East Maple Street
Compton, CA 90220-2313

Janice R. Groomes
2924 Magnolia Avenue
Lynwood, CA 90262

Los Angeles County Tax Collector
PO Box 54108
Los Angeles, CA 90054-0108

OCWEN
PO Box 5440
Carol Stream, IL 60197-6440

Sears Credit Cards
PO Box 688956
Des Moines, IA 50368-8956

Southern California Edison
PO Box 600
Rosemead, CA 91771-0001

Terminix
PO Box 741592
Cincinnati, OH 45274-2592

The Gas Company
PO Box C
Monterey Park, CA 91756-0001

United States Trustee
725 South Figueroa Street
26th Floor
Los Angeles, CA 90017-5524

Wachovia Mortgage
PO Box 7512
Springfield, OH 45501-7512

Wells Fargo Credit Services
PO Box 30086
Los Angeles, CA 90030-0086

Willie Gaines
4416 Charnela Ct.
Las Vegas, NV 89130-5200

Philis Groomes-Love
3929 Magnolia Avenue
Lynwood, CA 90262